**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO EZEQUIEL LOPEZ-AGUILAR,<br><br>               Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>               Respondent. | No.    19-72357<br><br>Agency No. A215-676-386<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,** District Judge.

Orlando Ezequiel Lopez-Aguilar ("Lopez"), a citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

and denial of his motion to remand. Lopez appealed to the BIA after the Immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Judge ("IJ") denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Lopez claims that his right to due process was violated by an incorrect translation during the IJ hearing, and that the BIA abused its discretion when it denied his motion to remand.

This Court has jurisdiction to review immigration proceedings pursuant to 8 U.S.C. § 1252. We now deny the petition for review.

1. The standard of review for alleged due process violations in immigration proceedings is *de novo*. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We review denials of asylum, withholding of removal and CAT protection for substantial evidence and will uphold the denial if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (internal quotation marks omitted). The substantial evidence standard is "highly deferential" and the petitioner must show that "the evidence not only *supports* . . . but *compels* reversal." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (internal quotation marks omitted).

2. Lopez identifies as "mestizo," one of mixed race. His father is indigenous, and his mother is Ladina, or of Spanish descent. At the hearing before the IJ, the word "mestizo" was mistranslated on one occasion to "indigenous." Lopez argues that this inaccurate translation impacted how he answered the IJ's

questions. The BIA found the error in translation harmless and that Lopez had not established that a better translation would have led to a different outcome in the proceedings. We agree.

Despite the mistranslation, the IJ recognized that Lopez was claiming mixed ancestry and even directly questioned him about whether he was ever physically harmed because he was "half indigenous." Lopez did not mention race in his response to that question, but instead focused on his height. When the IJ asked Lopez why the gangs targeted him, he listed many factors to explain their motivation, but race was not one of them. He attributed their targeting him to jealousy because of his soccer team's success, retribution for turning some gang members in to the police, dislike for his style of dress, and his refusal to join their ranks. Lopez did not establish a connection between the gang violence and his mixed-race identity. At one point in the hearing, the IJ asked repeated, open-ended questions specifically inquiring whether gangs had targeted Lopez because of racism. In response to the IJ's questions, Lopez never mentioned any connection between the claimed persecution and his status as "mestizo."

3.     Lopez's claim that the IJ should have more fully developed the record fails in light of our recent decision in *Hussain v. Rosen*, 985 F.3d 634 (9th Cir. 2021). In *Hussain*, we held that "[t]he core of the due process right [for] petitioners in immigration proceedings is the *opportunity* to testify." *Id.* at 644. The IJ is not

required to "guid[e]" a petitioner "in making their case." *Id*. Here, the IJ asked open-ended questions, providing Lopez ample opportunity to testify that he was persecuted because of his mestizo identity.

4. The BIA did not abuse its discretion when it denied Lopez's motion to remand because Lopez provided no new evidence that would warrant a new hearing. A motion to remand or reopen proceedings "shall not be granted unless [the new evidence] is material and was not available . . . at the former hearing." 8 C.F.R. § 1003.2(c)(1). Here, the "new" evidence Lopez sought to present, country condition reports, expert witness declarations, declarations from family members, and a report signed by local authorities, was available prior to the IJ hearing. Further, the IJ twice granted Lopez a continuance, affording him more than two months to gather evidence and retain an attorney.

**PETITION FOR REVIEW DENIED.**